GEORGE REED *vs.* WILMINGTON STEAMBOAT COMPANY.

New Castle County, November Term, 1893.

**Common Carrier,**—A common carrier of freight is regarded by the law in the light of an insurer, and is liable for the safe delivery of freight received by it, and in case the goods are injured, lost or destroyed nothing will excuse or discharge him but the act of God or the public enemy.

**Same. Corporation,**—Where two corporations created by different States exist under the same name, one maintaining a steamboat line as a common carrier and renting and occupying land owned by the other, the latter is not liable as a common carrier for property delivered to the former unless it permitted some other company to use its corporate name, and held itself out to the general public as transacting said business.

This was an action of assumpsit against a common carrier for the recovery of damages for the value of a horse alleged to have been delivered to the defendant for transportation from Wilmington to Philadelphia. The facts are stated in the charge of the Court.

MARVEL, J., (charging the jury.)

This is an action on the case wherein the plaintiff, George Reed, seeks to recover against the defendant, the Wilmington Steamboat Company, a corporation of the State of Delaware, the

value of a horse which, he alleges, was delivered to and received by the said defendant, at its wharf in this city, for the purpose of being carried to the city of Philadelphia, which horse was permitted to fall overboard.

The defendant sets up in bar the recovery by the plaintiff that they never contracted or undertook to transport or ship the horse as a common carrier; that the Wilmington Steamboat Company, a corporation of the State of Delaware, was never engaged in the business of a common carrier, but simply held land which was rented and occupied by the Wilmington Steamboat Company, a corporation of the State of New Jersey, the latter company being the company that run the boats between this city and the city of Philadelphia. Again, they contend that if the jury believe that the Wilmington Steamboat Company is liable as a common carrier, it is not liable in this case, as the horse of George Reed was never received by that company on the 16th of March last, as alleged, for the purpose of being shipped to Philadelphia.

The manner or custom of delivering and receiving freight by the Wilmington Steamboat Company has been proven to you, and the Court will say that if you believe from the facts in this case as given from the witness stand that such a delivery of the horse of George Reed was made on the morning of March 16th last, and was so received by the Wilmington Steamboat Company, a corporation of the State of Delaware, to be shipped to the city of Philadelphia, then the said defendants were bound, according to the laws of this State, to exercise the strictest care and to deliver it safely to the place of destination. A common carrier of freight is regarded by the law in the light of an insurer, and in case the goods are injured, lost or destroyed nothing will excuse or discharge him but the act of God or the public enemy.

Proof has been offered, however, to show that the business of running the boats from the wharf in Wilmington to Philadelphia was carried on by the Wilmington Steamboat Company, a corporation of the State of New Jersey, and that the Wilmington Steamboat Company, a corporation of the State of Delaware, merely

owned the land and the wharf, and rented it to the said corporation of New Jersey. If the business of transportation in running these steamers in carrying on the business of a common carrier was not carried on by the corporation of Delaware, but by the Wilmington Steamboat Company, a corporation of the State of New Jersey, then the Delaware company did not receive the horse in question to be shipped, as alleged, and could not be held liable as a common carrier, unless, as is contended, it has permitted some other company to use its corporate name, and held itself out to the general public as transacting the business of a common carrier. But the evidence in this case is that long before the Wilmington Steamboat Company, a corporation of Delaware, was created, the Wilmington Steamboat Company, a corporation of New Jersey, was created, and was transacting the business of a common carrier under the name of the Wilmington Steamboat Company, and it had a perfect right to carry on its business in its old name, notwithstanding there was a corporation of the same name in the State of Delaware, for there has been no evidence of fraud and misrepresentation, and if you find that the horse, if received, was received by the Wilmington Steamboat Company, a corporation of New Jersey, and not by the Wilmington Steamboat Company, a corporation of the State of Delaware, then the plaintiff cannot recover against the defendant.

*The plaintiff had a verdict for $150.*

*John Biggs,* for plaintiff.

*Hoffecker & Hoffecker,* for defendant.